UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL LOVE,

    Plaintiff,

v.

MOGEEB M. HASSAN, et al.,

    Defendants.

Case No. 19-cv-01871-SK

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

Regarding Docket No. 15

Now before the Court is the motion filed by Plaintiff Samuel Love ("Love") for default judgment against Defendants Mogeeb M. Hassan ("Hassan") and Eustacio Hernandez ("Hernandez") (collectively referred to as "Defendants"). As the Court noted at the hearing this morning on the motion for default judgment, the Court has some concerns about the allegations in the Complaint and about the efforts to serve Hernandez which preclude the Court from granting the motion.

Plaintiff alleges that Hassan owns the real property located at 2131 MacDonald Avenue in Richmond, California and that Hernandez owned Carniceria La Raza located at the same location. (Dkt. No. 1, ¶¶ 3, 4.) However, Plaintiff also alleges that he: "does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants." (*Id.*, ¶ 6.) In light of Plaintiff's allegation that he does not know "true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations" alleged in his Complaint, the Court cannot grant a motion for default judgment against Defendants. Therefore, the Court DENIES the motion without prejudice. The Court will

1 provide Plaintiff with leave to amend to clarify whether Hassan owns the real property and
2 Hernandez owns the business located at 2131 MacDonald Avenue in Richmond, California. As
3 discussed at the hearing, Plaintiff shall also omit the Doe Defendants from his amended complaint
4 unless Plaintiff knows who any of the Doe Defendants are and intends to proceed against them.

Plaintiff shall file his amended complaint, if any, by no later than January 27, 2020. If Plaintiff elects to file an amended complaint, he shall formally serve the amended complaint on both Hassan and Hernandez. As discussed at the hearing, the Court has concerns about the service attempted for Hernandez. If Plaintiff files an amended complaint and seeks to serve it and the summons on Hernandez at his business address, the attempts should be during business hours. Moreover, if after repeated attempts, personal service on Hernandez is not successful, substitute service will only be accepted if the person served is identified by name and/or title and his or her relationship to Hernandez.

Finally, the Court notes that in the motion for default judgment, Plaintiff sought to recover $4,000 in damages from *each* defendant for *one* single incident. The authority to which Plaintiff cited for support, *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004), does not support Plaintiff's position that recovering the statutory damages twice (once from each defendant) is permissible. In *Lentini*, the plaintiff was deterred from attending seven performances and thus was awarded $7,000 in statutory damages – $1,000 for each violation. One defendant was ordered to pay $5,000 of this amount and another defendant was ordered to pay $1,000 of this amount. The plaintiff did not receive more than the statutory amount for any *one* violation.

At the hearing, Plaintiff argued, without any supporting authority, that he could recover $4,000 from one defendant for the initial violation and another $4,000 from the other defendant for the continuing deterrence under the state law claim, and that he wanted to hold both Defendants jointly and severally liable for the full $8,000. If Plaintiff continues to assert that he is able to recover $4,000 from *each* Defendant, he should be prepared to provide authority under state law demonstrating that is permissible.

///

If Plaintiff files an amended complaint and Defendants again default after service, this Order is without prejudice to Plaintiff filing another motion for default judgment.

**IT IS SO ORDERED**.

Dated: January 6, 2020



SALLIE KIM
United States Magistrate Judge